# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HID GLOBAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>DATAMARS, INC., and DATAMARS SA,<br><br>Defendants. | C.A. No._____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff HID Global Corporation ("Plaintiff" or "HID"), by and through its undersigned counsel, brings this Complaint for Declaratory Judgment against Defendant Datamars SA and Defendant Datamars, Inc. (collectively "Defendants" or "Datamars") for noninfringement of U.S. Patent No. 11,128,027 ("the '027 Patent"). A copy of the '027 Patent is attached as Exhibit A.

## THE PARTIES

1. Plaintiff HID is a corporation organized and existing under the laws of the United States of America and is a Delaware corporation with its principal place of business at 611 Center Ridge Drive, Austin, Texas 78753. Plaintiff HID is a wholly owned subsidiary of ASSA ABLOY Inc., which is a wholly owned subsidiary of ASSA ABLOY AB, a Swedish company.

2. On information and belief, Defendant Datamars SA is a foreign corporation organized and existing under the laws of Switzerland with its headquarters at Via Industria 16 6814 Lamone, Switzerland.

3. On information and belief, Defendant Datamars, Inc. is a corporation organized and existing under the laws of the State of Delaware and thus resides in this District. Datamars, Inc. has a principal place of business at 1110 Industrial Boulevard, Temple, Texas 76504.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; 28 U.S.C. §§ 1331 and 1338; and the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq.

5. The Court has personal jurisdiction over Defendant Datamars, Inc. at least because it is incorporated in Delaware and thus resides in this District.

6. This Court has personal jurisdiction over Defendant Datamars SA because, along with Defendant Datamars, Inc., Defendant Datamars SA is engaged in the business of selling its products through Defendant Datamars, Inc. that resides in Delaware. Additionally, Datamars SA has directed activity regarding the enforcement of the '027 patent at residents of this forum, including by sending and a letter on October 20, 2022 to HID, a Delaware corporation, alleging that HID infringes the '027 patent and threatening an enforcement action. Based on at least the October 22, 2022 letter and Datarmars SA's. contacts with this forum through Datamars, Inc., personal jurisdiction exists over Datarmars SA in this forum.

7. Alternatively, the Court has personal jurisdiction over Defendant Datamars SA under Fed. R. Civ. P. 4(k)(2) because, on information and belief, Defendant Datamars SA is not subject to jurisdiction in any state's courts of general jurisdiction and exercising jurisdiction is consistent with the U.S. Constitution and laws.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)-(c) and 1400(b), because Datamars, Inc. is a resident in this District and Datamars SA is a foreign corporation

who is not a resident of the United States, is subject to personal jurisdiction in this District, and thus is subject to venue in any judicial district including this District.

## BACKGROUND

9. The '027 Patent bears the title "RFID tag for harsh environment inductively coupled in double loop," and states that it issued on September 21, 2021. The '027 Patent identifies Aurelian Moraru and Corneliu Ursachi as its inventors. A copy of the '027 Patent is attached as Exhibit A.

10. The '027 Patent lists "Promar Textil Industries S.R.L." as the assignee. The United States Patent and Trademark Office Assignment Database contains a record of an assignment of the '027 Patent from Promar Textil Industries S.R.L. to Datamars SA executed October 7, 2022, and recorded December 19, 2022, at Reel/frame 062136/0648. Ex. B.

11. The '027 Patent issued with 6 claims. Claim 1 is independent claim.

12. The '027 Patent has a European counterpart, European Patent No. EP 3,639,204 (hereafter "EP 204"). The EP 204 Patent was filed on December 19, 2017, granted on January 5, 2022, titled "RFID TAG FOR HARSH ENVIRONMENT INDUCTIVELY COUPLED IN DOUBLE LOOP."

### DEFENDANT'S DEMAND LETTERS AND FRENCH LAWSUITS AGAINST PLAINTIFF HID GLOBAL CORPORATION'S FOREIGN AFFILIATE

13. On October 20, 2022, counsel for Datamars SA sent a letter to HID claiming that Datamars SA "has recently acquired the ownership of the European patent No. 3639204, validated in a number of countries, including Italy, the Romanian patent No. 133013 and the US patent No. 11128027 (hereinafter, collectively, the "**Datamars patents**")." Exhibit C (original emphasis).

14. The October 20, 2022 letter further alleges that Datamars SA has "recently been informed that your **company markets an RFID tag** (HID LinTRAK C10-MRI UHF Tag, https://www.hidglobal.com/products/lintrak-c10-mri-uhf-tag) **which clearly falls within the scope of Datamars patents**. In particular, your RFID tag reflects the embodiment of figure 3 of Datamars patents where crossing points are achieved by folding the textile substrate along a folding line." *Id.* (original emphasis).

15. The October 20, 2022 letter further alleges that "Datamars would be entitled to take any necessary actions before the competent courts and authorities to enforce its patent rights against your company. In particular, Datamars might obtain an injunction to stop the use of Datamars patents, the withdrawal of the Infringing products from the market and the compensation for the damages caused by the infringement." *Id.*

16. On February 27, 2023, Defendant Datamars SA filed an Infringement Seizure Action in France against HID Textile Services SARL ("HID Textile") based on EP 204. The complaint in the Infringement Seizure Action and a machine translation of the same are attached as Exhibit D.

17. On April 14, 2023, Defendant Datamars SA filed two additional complaints in France against HID's affiliates—a Preliminary Injunction Action and an Infringement Action—both also based on EP 204. RG 23/05607 and 23/A7269. The complaints in the Preliminary Injunction Action and the Infringement Action, and machine translation of each, are attached as Exhibits E and F, respectively. Collectively, the Infringement Seizure Action, the Preliminary Injunction Action, and the Infringement Action are referred to as the "French Cases."

18. In the French Cases, Defendant Datamars SA has asserted that HID Textile's LinTRAK® C-10 MRI, C15-MRI, C-15-MRI/R, and XS RFID tags (collectively, the "Accused Products") infringe the EP 204 Patent.

19. Plaintiff has sold or offered for sale at least one Accused Product in the United States within the statute of limitations for patent infringement, and continues to do so, and based on Datamars SA's October 22, 2022 letter and the French Actions asserting EP 204, the European equivalent of the '027 patent, has a reasonable apprehension that Defendants may file another action against Plaintiff and allege that Plaintiff has infringed or is infringing the '027 Patent.

20. Plaintiff's Accused Products do not infringe and have not infringed, either directly, indirectly, or under the doctrine of equivalents, any claim of the '027 Patent. In view of Defendant's allegations that HID's products infringe the '027 Patent, a substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

**COUNT 1**
**(Declaratory Judgment of Non-Infringement of the '027 Patent)**

21. Plaintiff realleges and incorporates the preceding paragraphs as if fully set forth herein.

22. An actual controversy has arisen and exists between Plaintiff and Defendants concerning the '027 Patent.

23. Plaintiff's Accused Products do not practice any of claims 1-6 of the '027 Patent.

24. For example, Plaintiff's Accused Products do not practice "the whole assembly being sealed by hot-dipping of a second textile substrate" element of claim 1 at least because Plaintiff's Accused Products do not include multiple textile substrates as required by claim 1.

Plaintiff's Accused Products do not practice claims 2-6, which depend on claim 1, for the same reason.

25. Plaintiff's Accused Products do not practice the "hot-dipping" element of claim 1 at least because Plaintiff's Accused Products do not practice "dipping" of any kind as required by claim 1. Plaintiff's Accused Products do not practice claims 2-6, which depend on claim 1, for the same reason.

26. Plaintiff's Accused Products do not practice the "in the central area a double loop (5) consisting of a first loop with a smaller diameter, followed by a second concentric loop with a larger diameter" element of claim 2 at least because the Plaintiff's Accused Products do not include loops with diameters of different lengths as required by claim 2.

27. Plaintiff's Accused Products do not practice "two open loops disposed in a [sic] upper plane in relation to a longitudinal direction and two open loops disposed in a lower plane in relation to the same longitudinal direction" element of claim 4 at least because the loops in the HID products are closed loops instead of the "open loops" as required by claim 4. In addition, one loop in the HID products is disposed in the lower plane, but there are no adjacent loops in the lower plane as required by claim 4.  Plaintiff's Accused Products do not practice claim 5, which depends on claim 4, for the same reasons.

28. Plaintiff's Accused Products do not practice "the transponder (3) being fixed and centered on the loop (P) in the upper plane" as required by claim 5, at least because the transponder in the HID products is not fixed and not centered on the loop. Instead, the transponder is within the loop unlike the transponder as required by claim 5.

29. Therefore, for the foregoing exemplary reasons, Plaintiff's Accused Products do not infringe directly or indirectly any claim of the '027 Patent, either literally or under the doctrine of equivalents.

30. In view of the foregoing, Plaintiff seeks and is entitled to declaratory judgment that the use, sale, and offer for sale of Plaintiff's Accused Products do not infringe any claim of the '027 Patent. A judicial determination of the respective rights of the parties with respect to noninfringement of the claims of the '027 Patent is necessary and appropriate under 28 U.S.C. § 2201 and § 2202 to resolve the parties' dispute regarding alleged infringement of the '027 Patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment as follows:

A. Declaratory judgment that Plaintiff's use, sale, offer for sale, and/or importation of products does not infringe the '027 Patent directly, indirectly, or under the doctrine of equivalents;

B. Preliminary and permanent injunctive relief restraining Defendants and its agents, servants, employees, successors and assigns, and all others in concert and privity with them from wrongfully asserting the '027 Patent against Plaintiff's products;

C. A declaration that this action is an exceptional case under 35 U.S.C. § 285;

D. An award to Plaintiff of its costs, expenses, and disbursements in this Action, including reasonable attorney fees; and

E. A grant of such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated: August 4, 2023

*Of Counsel:*

**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**

Lionel M. Lavenue
*(pro hac vice application forthcoming)*
1875 Explorer Street, Suite 800
Reston, VA 20190
Phone: (571) 203-2700
Fax: (202) 408-4400

**SMITH, KATZENSTEIN & JENKINS LLP**

*/s/ Daniel A. Taylor*
Daniel A. Taylor (No. 6934)
Neal C. Belgam (No. 2721)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
dtaylor@skjlaw.com
nbelgam@skjlaw.com

*Attorney for Plaintiff HID Global Corporation*